CITY OF PUEBLO, APPELLANT, v. JACKSON, APPELLEE.

1. APPEALS—STATUTORY CONSTRUCTION.

The statute (Mills' Ann. Stat. sec. 4444), providing that a municipal cor-
poration may take an appeal and have a writ of error made a *super-
sedeas* without bond, has no reference to an appeal from the county
to the district court.

2. SAME.

A municipal corporation cannot appeal from the county court to the
district court without bond.

*Appeal from the District Court of Pueblo County.*

Mr. M. G. SAUNDERS, for appellant.

Messrs. McFEELY & McALINEY and Mr. A. W. ARRING-
TON, for appellee.

THOMSON, J., delivered the opinion of the court.

Appellee had judgment against appellant in the county
court. The cause was heard and final judgment rendered
on the 28th day of January, 1892. Appellant gave notice of
appeal to the district court. Its appeal bond was filed and
approved February 13, 1892,—sixteen days after judgment
rendered. The transcript was filed in the district court, and
the appeal dismissed, because the bond was not filed within
ten days after the rendition of the judgment, no order having
been made by the court extending such time.

Section 2 of an act relating to appeals from county courts
to district courts, approved April 14, 1885, provides as follows :

"Sec. 2. No appeal shall be allowed, in any case, unless
the following requisites be complied with : First. The ap-
peal must be made within ten days after the judgment [is]
rendered, or, when judgment is by default or nonsuit, within
ten days after the refusal of the county court to set aside the
default, or nonsuit, and grant a new trial ; *provided, however,*

that the county court may at any time within the period above limited, upon good cause shown, extend the time for an appeal. Second. The appellant, or some person for him, together with one or more sufficient sureties, to be approved by the judge or clerk of said court, must, within the time above limited, or within such further reasonable time as shall be fixed by the court, enter into an undertaking payable to the adverse party as follows: In case the judgment be for the payment of money, and against the party appealing, the undertaking shall be in double the amount of the judgment or decree appealed from, conditioned for the prosecution of the appeal with effect and without delay, and for the payment of all costs, and whatever judgment may be awarded against the party so appealing, on the trial or dismissal of said appeal in the appellate court, and for the payment of the judgment appealed from, in case said appeal shall be dismissed; and in case the judgment or decree appealed from be in favor of the party appealing, or shall not be for the payment of money, the penalty of the undertaking shall be in such sum as the county court shall deem sufficient to cover costs, expenses and damages, and be conditioned that the party appealing shall abide, fulfill and perform whatever judgment may be rendered against him in that cause by the district court, and for the payment of all damages which the opposite party may sustain by reason of such appeal, and the delay incident thereto, and for the payment of costs." Session Laws 1885, p. 158; Mills' Ann. Stat. § 1086.

No order appears extending the time. By the terms of this section, the bond in question was filed too late. This is not disputed by appellant, but it is insisted in its behalf that it, being a municipal corporation, was not required to give bond in order to make its appeal; and that, therefore, the time within which the bond was filed, or whether a bond was given at all, is immaterial; and in support of this contention reliance is had upon section 1 of an act of the general assembly, approved March 25, 1885, which reads as follows:

" Section 1. That in all actions, suits and proceedings in

any court in this state, in which a municipal corporation of this state shall be a party, such municipal corporation may take an appeal and have a writ of error made a *supersedeas*, as now provided by law, without giving bond." Session Laws 1885, p. 369; Mills' Ann. Stat. § 4444.

It will be observed that the passage of this act was prior in point of time to the passage of the act containing section 1086, Mills' Statutes, which we have quoted. If there is a conflict between the two sections, the one which is later in time will operate as a repeal of the other, in so far as the inconsistency exists. Section 1086 is peremptory in its language, and does not allow an appeal from the county to the district court in any case whatever, unless the prescribed requisites be complied with; while section 4444 permits appeals by municipal corporations without compliance with such requisites. Whatever effect the legislature may have intended section 1086 to have upon section 4444, it, being a later enactment, would govern in this case; and the giving of·the bond, within the time specified, would be essential to the perfection of the appeal.

But we do not think there is any necessary inconsistency between the two sections. The phraseology of section 1086 is not inconsistent with the assumption that the appeal there mentioned is an appeal from a county or district court to the supreme court. The section provides that a municipal corporation may take an appeal and have a writ of error made a *supersedeas*, without giving bond; and thus connects " appeal " and " writ of error " in such manner that they would both seem to have reference to the same class of cases, viz., cases which are reviewable for error. There is no writ of error from a district to a county court. Cases go from the latter to the former by appeal only. They are not reviewed in the district court, but are tried *de novo*—in precisely the same manner as if they had been originally commenced there; so that the language of section 1086 would not appear to fit a case of appeal from the county to the district court.

In construing a statute, the object is to arrive at the in-

tention of the legislature in enacting it; and if, upon its face, that intention is doubtful, then means, outside of the statute, may be employed to reach the desired result.  Other legislation, affecting the same subject-matter, is one of the means by which this end may be attained; and it may so far aid us in ascertaining the legislative intent that the difficulty encountered in the statute itself is readily obviated.

The following is section 24 of an act, entitled " An act in relation to appeals to the supreme court, and concerning the jurisdiction thereof and practice therein " :

" Sec. 24. The trial court or judge may, in its discretion, dispense with or limit the security required by this act when the appellant is an executor, administrator, trustee, or other person acting in another's right.  When a municipal corporation is the appellant, the court or judge shall direct a stay of execution after appeal, upon the motion of the appellant, without filing a *supersedeas* undertaking."  Session Laws 1885, p. 355 ; Civil Code, § 395.

This section provides the manner in which a municipal corporation may make the right granted to it by section 1086 effective, and perfect its appeal to the supreme court without giving bond.  There is nowhere any legislation making such provision in the case of an appeal from a county court to a district court, or in the case of any appeal, except to the supreme court.  All of the three sections we have quoted were enacted at the same session of the legislature.  Section 1086 had been enacted but a few days when section 4444 was enacted.  If the legislature had regarded this section as in any way inconsistent with section 1086, and had intended by it to repeal, amend, or modify section 1086, we would expect to find some reference to the section, indicative of such intention, in the language of section 4444.  The enactment of Code, section 395, is conclusive that it did not intend its repeal; and in providing the method by which the right granted could be made available in appeals to the supreme court, and failing to make such provision in any other class

of appeals, it clearly indicated that it regarded section 1086 as applicable only in cases of appeal to the supreme court.

Until the enactment of section 4444, municipal corporations were, in the matter of appeals, upon the same footing with private corporations and individuals. They could take no appeal to any court without giving bond. That section changed the existing law in respect of appeals to the supreme court, leaving all other appeals in the same situation and subject to the same requirements as before ; and section 1086 re-enacted the antecedent law relating to appeals from county to district courts. In this case an appeal bond, given within the time limited in the latter section, was essential to the appeal. The statutory requirement in this particular not having been complied with, the appeal was properly dismissed, and the judgment will therefore be affirmed.

*Affirmed.*